USCA No. 24-1311

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES,
Appellee

v.

MARK ANTHONY FIGUEROA,
Defendant - Appellant

ON APPEAL FROM JUDGMENT OF CONVICTION IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REPLY BRIEF OF APPELLANT

DAVID J. NATHANSON
First Circuit Bar No. 81606
JELLISON & NATHANSON, LLP
55 Union Street, 4th Floor
Boston, MA 02108
(617) 248-1806
dnathanson@JNdefense.com

June 6, 2025      ATTORNEY FOR DEFENDANT
                  MARK ANTHONY FIGUEROA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ........................................................................................................ 1

    I.    The trial judge erred in admitting irrelevant and highly prejudicial evidence regarding the Sinaloa drug cartel, kidnapping, and torture.. ............................................................ 1

        A. The Government's position on the torture evidence is internally contradictory. ...................................................... 1

        B. The Government misconstrues Figueroa's prejudice argument. ............................................................................................ 4

        C. Reversal is required under any standard of review ............... 5

    II.    The trial judge erred in allowing overview and ultimate issue testimony from law enforcement witnesses. .............................. 9

CONCLUSION .................................................................................................. 11

CERTIFICATE OF COMPLIANCE ...................................................................... 12

CERTIFICATE OF SERVICE ............................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Andrew v. White*,
   145 S. Ct. 75 (2025) ................................................................................ 8

*United States v. Burnett*,
   579 F.3d 129 (1st Cir. 2009) .................................................................... 3

*United States v. Constant*,
   814 F.3d 570 (1st Cir. 2016) .................................................................... 6

*United States v. Flores-Rivera*,
   787 F.3d 1 (1st Cir. 2015) ........................................................................ 3

*United States v. Frankhauser*,
   80 F.3d 641 (1st Cir. 1996) ...................................................................... 3

*United States v. Grullon*,
   996 F.3d 21 (1st Cir. 2021) ...................................................................... 5

*United States v. Jadlowe*,
   628 F.3d 1 (1st Cir. 2010) .................................................................... 5, 9

*United States v. Kilmartin*,
   944 F.3d 315 (1st Cir. 2019) ............................................................ 2, 3, 9

*United States v. Marrero-Perez*,
   914 F.3d 20 (1st Cir. 2019) ...................................................................... 6

*United States v. Moore*,
   375 F.3d 259 (1st Cir. 2004) .................................................................... 9

*United States v. Pabon*,
   819 F.3d 26 (1st Cir. 2016) ...................................................................... 7

*United States v. Pires*,
   -- F.4th --, 2025 WL 1513556 (1st Cir. May 28, 2025) ........................... 5

*United States v. Rathbun*,
  98 F.4th 40 (1st Cir. 2024) ....................................................................... 7

*United States v. Saro*,
  24 F.3d 283 (D.C. Cir. 1994) .................................................................... 6

*United States v. Serrano-Delgado*,
  29 F.4th 16 (1st Cir. 2022) ....................................................................... 6

*United States v. Tkhilaishvili*,
  926 F.3d 1 (1st Cir. 2019) ........................................................................ 3

*United States v. Villa-Guillen*,
  102 F.4th 508 (1st Cir. 2024) ................................................................... 4

*United States v. Vinas*,
  106 F.4th 147 (1st Cir. 2024) ............................................................. 6, 7

**Rules**

Fed. R. App. P. 28(a)(8)(B) ........................................................................ 7

## Argument

I. **The trial judge erred in admitting irrelevant and highly prejudicial evidence regarding the Sinaloa drug cartel, kidnapping, and torture.**

   A. **The Government's position on the torture evidence is internally contradictory.**

The Government's star witness testified that he was beaten and tortured by drug cartel members. The parties agreed that Figueroa was not involved in this incident in any way; in fact, it predated the conspiracy that formed the basis of Figueroa's charges. The Government argues that this highly charged, emotional testimony was not prejudicial because it was brief. GB:15.[1] At the same time, the Government asserts that the evidence was "highly relevant" and provided proof that the money that Figueroa provided was from drug dealing, established a "clear inference … that the money defendant later supplied to Magana's couriers was intended to pay back Rojo for drugs Rojo had supplied to defendant and that the money was proceeds from the sale of those drugs,"

---

[1] The Government's brief is cited herein as "GB:[page number]." Figueroa's brief is cited as "DB:[page number]." The transcript of the pretrial conference, held on March 23, 2023, is cited as "PTC Tr. [page]."

1

and "set the stage for the later money drops involving defendant." GB:18, 19–20.

These reasons show why the evidence *should not* have been admitted. The Government argues that the torture, which Figueroa admittedly had no part in, proves Figueroa's culpability. GB:19–20. There is no link or association between Figueroa and Rojo. Rojo's name was mentioned four times during the trial testimony, and only in the context of the kidnapping and torture plot. RA:194–95, 210. These mentions concerned behavior that was completed before Figueroa was alleged to have joined in any illegal acts, and was not associated with him. And yet, the Government turned Rojo into a central figure of Figueroa's trial, and argued Figueroa's guilt based on Rojo's independent conduct. *See* DB:21–22. "Common sense and human experience suggest that raw testimony … would substantially sway a jury, whereas drier documentary evidence such as UPS records and purchase invoices would have considerably less impact." *United States v. Kilmartin*, 944 F.3d 315, 340 (1st Cir. 2019).

"The prosecution — which has available to it the immense resources of the federal government — possesses a significant advantage in

criminal cases, and there seldom is a good reason for a prosecutor to push the envelope of that advantage. Mindful of this imbalance, we consistently have 'warn[ed] the government' about 'the folly of … overkill.'" *Id.* at 337, quoting *United States v. Frankhauser*, 80 F.3d 641, 650 (1st Cir. 1996). Introducing this irrelevant, emotional, and unfairly prejudicial evidence was "overkill."

The cases the Government cites are largely inapposite. GB:20–21. Evidence of the defendant's own conduct that was "central" to the charged offenses, *United States v. Tkhilaishvili*, 926 F.3d 1, 16 (1st Cir. 2019), or his own threat against a witness and her child to try to persuade her not to testify, showing consciousness of guilt, *United States v. Burnett*, 579 F.3d 129, 134 (1st Cir. 2009), is unlike the evidence here, which was far removed from Figueroa and was highly inflammatory. Evidence of a co-defendant's threat to "spill blood" in order to further the conspiracy that the defendant was directly involved in, particularly where the threat was not carried out, *United States v. Flores-Rivera*, 787 F.3d 1, 27–28 (1st Cir. 2015), is dissimilar to acts of someone the Government never established that Figueroa had ever spoken to or interacted with, which

occurred outside of the time Figueroa was reportedly involved with the criminal enterprise.

### B. The Government misconstrues Figueroa's prejudice argument.

Figueroa argued that the prejudice from this inadmissible evidence was compounded by the Government's exploiting its use in closing to try to link Figueroa with Rojo, and by the Court's improper instruction that the jurors could discuss the case together before the evidence was closed, instructions were given, and deliberations began. DB:20–27. The Government responds to this argument by asserting that, since these additional factors were not briefed under the plain error standard, they are waived. GB:21–23. That is not the case.

This is not a distinct claim for relief. It is an explanation why the torture testimony, in the context of this trial, was prejudicial. Factors such as the Government's arguments regarding the evidence and the court's instructions can contribute to a finding of prejudice. In *United States v. Villa-Guillen*, this Court weighed the District Court's instructions and the inferences the Government encouraged based on the wrongfully-admitted evidence in its prejudice finding. 102 F.4th 508, 519 (1st Cir. 2024). That is precisely what Figueroa urges must be done here.

As a result, he does not need to show that the judge's erroneous *Jadlowe*[2]-type instruction or the Government's summation each individually constituted plain error, merely that they compounded the prejudicial effect of the erroneously-admitted evidence.

### C. Reversal is required under any standard of review.

The Court's ruling regarding the admission of this evidence was definitive, and thus, the objection was preserved. *See United States v. Pires*, -- F.4th --, 2025 WL 1513556, *10 (1st Cir. May 28, 2025) (party must object at trial only if pretrial ruling is "preliminary, conditional, or 'tentative'"). The Court stated that the evidence would come in. RA:27. Any objection would only secure a curative instruction. RA:27–28. *Contrast United States v. Grullon*, 996 F.3d 21, 30–31 (1st Cir. 2021) (objection not preserved where judge stated the ruling was his "preliminary view" and offered the defendant the opportunity to raise the issue again at any point, an opportunity the defendant did not take).

Even if this Court finds that the judge's ruling at the pretrial hearing was not sufficiently definitive to preserve the issue, Figueroa is

---

[2] *United States v. Jadlowe*, 628 F.3d 1, 14–15 (1st Cir. 2010) (expressly holding that instructions allowing the jury to discuss the case before formal deliberations begin are improper and not allowed).

5

entitled to relief under the plain error standard of review. "[R]eversal for 'plain error' is designed largely to protect defendants from the defaults of counsel[.]" *United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994). To establish plain error, a defendant must show that "(1) an error occurred, (2) the error was obvious, (3) the error affected substantial rights, and (4) the error seriously impaired the fairness, integrity or public reputation of judicial proceedings." *United States v. Marrero-Perez*, 914 F.3d 20, 24 (1st Cir. 2019), citing *United States v. Constant*, 814 F.3d 570, 580 (1st Cir. 2016).

Arguments regarding plain error review may be raised for the first time in the opening brief or in the reply brief. For example, in *United States v. Vinas*, the government appealed from that defendant's sentence. 106 F.4th 147 (1st Cir. 2024). The defendant as appellee argued in his opening brief that plain error review applied because the government "did not say a word below" about the purported error. *Id.* at 155. This resulted in waiver because the government "made no effort in [its] reply brief to argue plain error." *Id.* (citation omitted). If it had, the plain error review would not have been waived. *United States v. Serrano-Delgado*, 29 F.4th 16, 27 (1st Cir. 2022) (plain error review is waived if the

appellant does not argue that the argument is preserved or that he meets the plain error standard "after the government waved the plain error flag in its brief"); *United States v. Pabon*, 819 F.3d 26, 33 (1st Cir. 2016) (plain error review is waived if the four factors are not argued at least in the reply brief). The Government relies on *United States v. Rathbun*, 98 F.4th 40 (1st Cir. 2024), to argue that, because plain error was not raised in Figueroa's *opening* brief, it is waived. GB:18. But in *Rathbun*, the appellant conspicuously failed to state *any* standard of review despite Rule 28(a)(8)(B) of the Federal Rules of Appellate Procedure requiring such a statement. *Rathbun*, 98 F.4th at 57–58 & n.29. *Vinas*, which states that a plain error argument may be made in reply, post-dates *Rathbun*. If this Court finds that Figueroa's objection was not sufficient to preserve the issue for appeal, it should apply plain error review.

The contrary rule urged by the Government would make no sense. Appellants who believe that issues are adequately preserved would nevertheless have to argue plain error for every issue in every opening brief just in case they were wrong about preservation. The Government is proposing a rule that would waste the time of the Court and litigants.

The rule as articulated by Figueroa makes sense and is true to this Court's holdings. An appellant must state the standard of review. If the appellant argues that a claim is preserved, that is enough. If the appellee suggests that the claim is not preserved, the appellant has the opportunity in reply to argue plain error in the alternative.

Here, Figueroa's claim satisfies the four prongs of plain error review. First, as described in Figueroa's opening brief, the District Court erred in admitting testimony about the key witness's kidnapping and torture (again, entirely unrelated to Figueroa), and Figueroa was prejudiced as a result. DB:19–27. Figueroa will not rehash these arguments here.

Second, this error was plain. Admitting irrelevant, emotional, and extremely prejudicial evidence because it "sounds like it might be a kind of Breaking Bad interest in the testimony as it unfolds," PTC Tr. 27 (RA:27), is plainly wrong.

Third, the error affected Figueroa's substantial rights. Unduly prejudicial evidence violates due process. *E.g., Andrew v. White*, 145 S. Ct. 75, 81 (2025). For the reasons described *supra* and in Figueroa's opening brief, this evidence was unfairly prejudicial. And finally, because

the Government was permitted to elicit evidence of a cartel kidnapping and torture plot that Figueroa was undoubtedly *not* involved in, then the Government used this evidence to argue that Figueroa was closely aligned with the torturer, Figueroa's trial was rendered unfair. *See Kilmartin*, 944 F.3d at 340 (finding government's use of inadmissible evidence "telling," where, among other mentions, the prosecutor made "abundant use" of the evidence in closing); *United States v. Moore*, 375 F.3d 259, 265 (3d Cir. 2004) (uncertainty whether conviction was based on irrelevant and prejudicial evidence "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings"); DB:17–27. The jurors' ability to discuss this evidence before deliberations compounded the prejudice, and the delivery of this instruction in contravention of this Court's clear guidance impacts the public reputation of the proceedings. *See Jadlowe*, 628 F.3d at 14–15.

## II. The trial judge erred in allowing overview and ultimate issue testimony from law enforcement witnesses.

The Government argues that defense counsel did not state the basis for his objections to law enforcement summary testimony on the record during trial, and urges that plain review is required for even those errors. GB:25. This ignores the fact that the parties were instructed by the trial

9

judge that sidebars were not permitted, and that the basis of the objection should be stated only if the judge asks counsel to state the basis for the objection in front of the jury. PTC Tr. 15.

Figueroa preserved these objections the best he could, given the judge's restrictive practice. He objected prior to trial and the judge ruled that the government must hew to the permissible scope of such testimony. RA:25. That ruling was definitive. Figueroa's counsel perceived he was entitled to rely on that ruling such that testimony beyond the permissible scope would be preserved for appeal. As such, the questions that were objected to must be subject to harmless error analysis; the remainder, for plain error.

The Government relies heavily on what it perceives to be the strength of its case. GB:27–29; 30–31. But Figueroa addressed the numerous weaknesses in the Government's case, and the lack of evidence that the money at issue was drug proceeds. DB:22–25. The case was not so strong as to insulate the numerous errors from reversal. The Government's reliance solely on prejudice as to Hernandez's testimony serves as a concession that admission of the challenged evidence was erroneous. GB:30–31.

## Conclusion

For the foregoing reasons and those described in Mr. Figueroa's opening brief, standing individually and in combination, this Court should vacate Mr. Figueroa's conviction and remand the case to the District Court for a new trial.

Dated: June 6, 2025

Respectfully submitted,
MARK ANTHONY FIGUEROA
By his Attorney,

/s/ David J. Nathanson
David J. Nathanson
1st Cir. Bar No. 81606
JELLISON & NATHANSON, LLP
55 Union Street, 4th Fl.
Boston, MA 02108
Tel. (617) 248-1806
dnathanson@JNdefense.com

With him:
Danya F. Fullerton
B.B.O. # 683134

USCA No. 24-1311

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES,
Appellee

v.

MARK ANTHONY FIGUEROA,
Defendant – Appellant

Certificate of Compliance

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,058 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

                /s/ David J. Nathanson
                DAVID J. NATHANSON
                Attorney for the Defendant-Appellant

# CERTIFICATE OF SERVICE

I, DAVID J. NATHANSON, certify that true copies of the Reply Brief for the Appellant, Mark Anthony Figueroa, will be served through the ECF system on or before June 6, 2025, to:

Leah Belaire Foley
Theodore Babcock Heinrich
Donald Campbell Lockhart
Evan D. Panich
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210


Date: June 6, 2025          /s/ David J. Nathanson
                                     DAVID J. NATHANSON